# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| PLAINTIFF, | ) | NO.    6:16-CV-3105 |
| | ) | |
| v. | ) | |
| | ) | |
| GRISHAM FARM PRODUCTS, INC., | ) | JURY DEMAND |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## NATURE OF THE ACTION

1.      This is an action under Title I of the Americans with Disabilities Act of 1990

(ADA), as amended, 42 U.S.C. § 12101 *et seq*., to correct unlawful employment practices on the

basis of disability; under Title II of the Genetic Information Non-Discrimination Act of 2008

(GINA), 42 U.S.C. § 2000ff *et seq*., to correct unlawful employment practices on the basis of

genetic information; and pursuant to the ADA, GINA, and Title I of the Civil Rights Act of

1991, 42 U.S.C. § 1981a, to provide appropriate relief to Phillip Sullivan. As alleged with greater

particularity below, Grisham Farm Products, Inc. violated the ADA and GINA by requiring job

applicants, including Sullivan, to fill out a three-page "Health History" before they would be

considered for a job. It also failed to maintain or retain employment records, as required by law.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), and Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), both of which

incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964

1

(Title VII), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were and are now being committed in Missouri.

4.      Venue is proper in the Southern Division pursuant to L.R. 3.1 (a)(3)(a) and L.R. 3.1 (b)(1).

## PARTIES

5.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States charged with the administration, interpretation, and enforcement of Title I of the ADA and Title II of GINA, and is expressly authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3).

6.      Defendant Grisham Farm Products, Inc. was incorporated in Missouri in 1994, and has, at all relevant times, engaged in an industry affecting commerce and employed approximately 300 people; it is therefore an "employer" under Section 101(5), (7) of the ADA, 42 U.S.C.§ 12111(5), (7), and Section 201(2)(B)(i) of GINA, 42 U.S.C.§ 2000ff(2)(B)(i), both which incorporate 42 U.S.C. §§ 2000e(b) by reference.

**7.**      As an employer under the ADA, Grisham Farm has been, at all relevant times, a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.      On August 25, 2014, which is more than thirty days prior to the institution of this lawsuit, Sullivan filed a charge of discrimination with the Commission against Grisham Farm.

9. On or about August 27, 2014, the Commission mailed notice of Sullivan's charge to Grisham Farm pursuant to 42 U.S.C. § 2000e-5 (b).

10. On September 24, 2015, after an investigation, the Commission issued to Grisham Farm a Letter of Determination finding reasonable cause to believe that Grisham Farm violated the ADA and GINA and that it failed to retain and maintain employment records, as required by all applicable statutes.

11. The Letter of Determination invited Grisham Farm to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Grisham Farm to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Grisham Farm a conciliation agreement acceptable to the Commission.

14. On September 30, 2015, the Commission issued a Notice of Failure of Conciliation to Grisham Farm.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

16. Phillip T. Sullivan, a retired law enforcement officer, learned Grisham Farm was hiring and decided to seek a warehouse job.

17. Sullivan downloaded Grisham Farm's online "Application for Employment" ("Application") on or about July 28, 2014.

18. Exhibit A is a true and accurate copy of the Application Sullivan downloaded.

3

19.     Sullivan filled out the first three pages of the Application. Exhibit A, at pp. 1-3.

20.     After answering the first question (of 43 total questions) on the three-page Health History form ("Health Form") Sullivan paused. _Id_., at pp. 4-6.

21.     Although the top of the first page of the Health Form states that "[a]ll questions must be answered," _id_. at p. 4, Sullivan has medical conditions and disabilities he would have revealed had he fully and completely answered each question on the Health Form.

22.     Because Sullivan believed he did not have to reveal his medical history to any potential employer, he telephoned Grisham Farm on or about August 5, 2014.

23.     When Sullivan inquired, Grisham Farm's agent, with whom he spoke on the phone, said that if the Health Form was not fully completed, it would not accept his Application.

24.     Sullivan refused to complete the Health Form. _Id_. at pp. 4-6.

25.     Sullivan did not submit his Application to Grisham Farm and contacted the Commission.

26.     On August 25, 2014, Sullivan filed a charge of discrimination with the Commission challenging the propriety of Grisham Farm's Health Form.

27.     During the Commission's investigation, Grisham Farm informed the Commission that it did not retain employment applications as required by 42 U.S.C. § 2000e-8(c).

28.     The unlawful employment practices complained of in the foregoing paragraphs were and are intentional and were done with malice or with reckless indifference to the federally protected rights of applicants for employment including Sullivan.

4

## STATEMENT OF CLAIMS

### COUNT I
(ADA – Unlawful Inquiry)

29.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

30.     Grisham Farm's actions violated 42 U.S.C. § 12112(d).

31.     As a direct and proximate result of Grisham Farm's violation of 42 U.S.C. § 12112(d), Sullivan suffered actual damage including but not limited to failure to gain employment, inconvenience, embarrassment, and loss of enjoyment of life.

32.     Grisham Farm's violation of 42 U.S.C. § 12112(d) likely chilled other reasonable persons from submitting employment applications.

*33.*     Grisham Farm's violation of 42 U.S.C. § 12112(d) resulted in other applicants, who were not chilled, revealing information to Grisham Farm that would reveal whether they were individuals with disabilities or as to the nature or severity of such disabilities.

### COUNT II
(GINA – Unlawful Inquiry)

34.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

35.     Grisham Farm's actions violated 42 U.S.C. § 2000ff-1(b).

36.     As a direct and proximate result of Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b), Sullivan suffered actual damage including but not limited to failure to gain employment, inconvenience, embarrassment, and loss of enjoyment of life.

37.     Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b) likely chilled other reasonable persons from submitting employment applications.

5

38.     Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b) resulted in other applicants, who were not chilled, revealing genetic information with respect to themselves or family members to Grisham Farm.

### COUNT III
(ADA and GINA – Failure to Retain Records)

39.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

40.     Grisham Farm's actions violated 42 U.S.C. § 2000e-8(c).

41.     As a direct and proximate result of Grisham Farm's violation of § 2000e-8(c), the Commission is unable to properly enforce federal employment laws including but not limited to the ADA and GINA.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates the ADA, 42 U.S.C. § 12112(d), by requiring job applicants to provide health history information which would reveal whether they were individuals with disabilities or as to the nature or severity of such disabilities;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates GINA, 42 U.S.C. § 2000ff-1(b), by requiring job applicants to provide health history that would reveal genetic information with respect to themselves or family members;

6

C.  Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm violated and continues to violate 42 U.S.C. § 2000e-8(c)) and the Commission's recordkeeping regulations found at 29 C.F.R. Part 1602(C), by its failure to maintain and retain employment records as required by law;

D.  Issue a permanent injunctions prohibiting Grisham Farm, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from making any pre-employment medical inquiries and requiring any health history from the application process in violation of the ADA, 42 U.S.C. § 12112(d) and GINA, 42 U.S.C. § 2000ff-1(b);

E.  Issue a permanent injunction compelling Grisham Farm, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), and GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference 42 U.S.C. § 2000e-8(c).

F.  Order Grisham Farm to make Sullivan whole by providing compensation for his pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G.  Order Grisham Farm to make Sullivan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, such as inconvenience, embarrassment, and loss of enjoyment of life, in amounts to be determined at trial;

H.  Order Grisham Farm to pay Sullivan punitive damages for its malicious and reckless

conduct, as described above, in amounts to be determined at trial;

I.  Grant such other and further relief as this Court deems necessary and proper in the

public interest; and

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, #46520
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, #28309
Supervisory Trial Attorney

/s/ Grant R. Doty
Grant R. Doty, #60788
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918
Fax. (314) 539-7895
Email: grant.doty@eeoc.gov

8