**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>GRISHAM FARM PRODUCTS, INC.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 6:16-CV-3105 MDH |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNT I AND COUNT II**

## I. Introduction.

On March 22, 2016, the Commission filed this three-count action (Doc. #1) under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 *et seq*., to correct unlawful employment practices on the basis of disability; under Title II of the Genetic Information Non-Discrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff *et seq*., to correct unlawful employment practices on the basis of genetic information; and pursuant to the ADA, GINA, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to provide appropriate relief to Phillip Sullivan. Specifically, the Commission alleges Grisham Farm Products, Inc. violated the ADA (Count I) and GINA (Count II) by requiring job applicants, including Sullivan, to fill out a three-page "Health History" before they would be considered for a job. It also failed to maintain or retain employment records as required by law (Count III).

Because Grisham Farm's admissions in its Answer, together with facts within the public record upon which this Court can rely in considering such a motion, demonstrate there are no material issues of fact with respect to Counts I and II, the Commission moves for judgment on

the pleadings on those counts. In addition to judgment, the Commission is entitled to the corresponding declaratory and injunctive relieve requested for those two counts.

## II. Legal standard.

Fed. R. Civ. P. 12(c) states: "After the pleadings are closed –but early enough not to delay trial– a party may move for judgment on the pleadings." Such motions are governed by the same standard as a Rule 12(b)(6) motion to dismiss, *see Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990), and will be granted "where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001)). The Court must accept as true the facts as admitted or denied by the nonmoving defendant and draws all reasonable inferences from the pleadings in that party's favor. *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted). Additionally, the Court "may rely on matters within the public record," such as EEOC charge without "convert[ing the motion] to one for summary judgment." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) ("[D]istrict courts regularly look upon EEOC charges as matters within the public record."); *see also Cobbins v. Engineered Plastic Components*, No. 2:09-CV-04025-NKL, 2010 WL 5376201, at *3 (W.D. Mo. Dec. 22, 2010), *aff'd*, 426 F. App'x 477 (8th Cir. 2011).

## III. Undisputed facts.

1. In its Answer to the Commission's Complaint, the Defendant admits that venue is proper in both the district and division. Doc. # 4, at ¶¶ 3-4 (admitting these facts in corresponding paragraphs of Doc. #1).

2. Defendant admits that it has, at all relevant times, engaged in an industry affecting commerce and employed approximately 300 people; it is therefore an "employer" under Section 101(5), (7) of the ADA, 42 U.S.C.§ 12111(5), (7), and Section 201(2)(B)(i) of GINA, 42 U.S.C.§ 2000ff(2)(B)(i), both which incorporate 42 U.S.C. §§ 2000e(b) by reference, and is a "covered entity" under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). Doc. # 4, at ¶¶ 6-7 (admitting corresponding paragraphs of Doc. #1).

3. Defendant admits that it had notice of Sullivan's charge of discrimination; it received the Commission's Letter of Determination finding reasonable cause that it violated the ADA and GINA; it was invited to conciliate; it communicated with the Commission during conciliation; and it did not reach a resolution with the Commission regarding Mr. Sullivan's claim. Doc. # 4, at ¶¶ 9-14 (admitting these facts in corresponding paragraphs of Doc. #1).

4. Defendant also admitted that Exhibit A to the Complaint, Doc. # 1-1 ("a true and accurate copy of the [employment] application" the Commission alleges violates both the ADA and GINA)[1] "appears" to be a true and accurate copy of the challenged application. Doc. # 4 at ¶ 18. To the extent that Defendant suggests its Answer hedges regarding the claimed authenticity of its own job application by stating it "appears" to be what the Commission attested it to be in its Complaint, as noted *supra*, this Court "may rely on matters within the public record," such as EEOC charge without "convert[ing the motion] to one for summary judgment." *Faibisch*, 304 F.3d at 802-03. Because Sullivan's signed charge (Exhibit B), cited to and provided the Commission the Defendant's application, Defendant's Answer does not create a disputed fact.

[1] The application is also included as Exhibit A to this motion.

5. Likewise, because Sullivan's signed EEOC charge and application prove that he filled out the first three pages of the application, answered the first question (of 43 total) health questions before questioning the propriety of such questions, Defendant's claim that it "is without sufficient information or knowledge as to the truth of" of these paragraphs, Doc. # 4, at ¶¶ 19-24 (addressing these facts in corresponding paragraph in Doc. #1), does not create a disputed fact.

6. Finally, Defendant admits that "Mr. Sullivan never submitted an application for employment." Doc. # 4, at ¶ 25(admitting this fact in corresponding paragraph in Doc. #1).

## IV. <u>Argument.</u>

### A. Preliminary matters.

*1. Sullivan's disabilities.*

Although the Commission alleges Sullivan has disabilities, Doc. # 1, at ¶ 21, something Grisham Farm did not admit in its Answer, this fact is not material because "[a] job applicant need not make a showing that he or she is disabled or perceived as having a disability to state a prima facie case under 42 U.S.C. § 12112(d)(2)." *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 595 (10th Cir. 1998); *see also Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1213-14 (11th Cir. 2010) (noting that "[g]iving effect to the full statute, § 12112(d)(2) does not limit coverage to applicants who are also 'qualified individuals with disabilities.'"); *cf*. C*ossette v. Minnesota Power & Light*, 188 F.3d 964, 969 (8th Cir. 1999) (citing *Griffin* favorably and holding that "whether or not [plaintiff] is disabled, the ADA protects [them] from unauthorized disclosures of medical information").

*2. Sullivan's failure to apply.*

That Sullivan did not ultimately submit an application does not preclude judgment. As the Supreme Court has noted, "[t]he effects of and the injuries suffered from discriminatory employment practices are not always confined to those who were expressly denied a requested employment opportunity… [D]iscriminatory polic[ies] can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of explicit and certain rejection." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 364-71 (1977).

**B. Grisham Farm's application violates the ADA.**

As the Eighth Circuit has held, the ADA "limits the scope of information that employers may seek and disclose about their employees' medical condition" *Cossette*, 188 F.3d at 968 (citing 42 U.S.C. § 12112(d)). The nature of the protections afforded individuals with respect to being subjected to "medical examinations and inquiries" depends on the "stage" at which the medical information is sought: (a) pre-offer stage, (b) post-offer but pre-employment stage, or (c) employment stage. *See e.g., Brady v. Potter*, No. CIV.02-1121(DWF/SRN), 2004 WL 964264, at *4-5 (D. Minn. 2004) (articulating stages of 42 U.S.C. § 12112(d)).

Grisham Farm's seven page application has a three page health history form that states explicitly "All [health history] questions must be answered before we can process your application…" Ex. A, at p. 4-6. Additionally, the last page of the application requires applicants to "certify that all information… is true and complete to the best of [the applicant's] knowledge and that [the applicant] withheld nothing that if disclosed would alter the integrity of the application." *Id.*, at p. 7. *See also* Sullivan's Declaration (EEOC Charge), Ex. B ("I called the company on or about 8/5/2014, and asked what would happen if the health history form was not included with an application. I was informed by the person who answered the phone that if all of

the forms were not completed, they would not accept the application.")

Because Grisham Farm required completion of the application, including medical history, before making a job offer, it violated the ADA. Specifically, Grisham Farm was prohibited from "conduct[ing] a medical examination or mak[ing] inquiries… as to whether [Sullivan or other applicants] is an individual with a disability or as to the nature or severity of such disability." 42 U.S.C. § 12112(d)(2)(A); *see also Brady*, 2004 WL 964264, at *4; *cf. Cossette*, 188 F.3d at 968 (8th Cir. 1999) (noting the ADA "permits employers to require a medical examination of a prospective employee only after an offer of employment has been made.").

Section 12112(d)(2)(A)'s prohibition against pre-offer medical exams or inquiries, is "premised on Congress's belief that '[h]istorically, employment application forms and employment interviews requested information concerning an applicant's physical or mental condition.' Congress believed that employers were using this information 'to exclude applicants with disabilities –particularly… hidden disabilities []– before their ability to perform the job was even evaluated.'" *Harrison*, 593 F.3d at 1212 (quoting H.R.Rep. No. 101-485, pt. 2, at 72–73;1990 U.S.C.C.A.N. 303, 355-56); *see also Griffin*, 160 F.3d at 594-95 ("[t]he legislative history of the ADA indicates that Congress wished to curtail all questioning that would serve to identify and exclude persons with disabilities from consideration for employment by drafting 'a prohibition on pre-offer medical examinations or inquiries.'").

Although the ADA refers to "acceptable inquiry" at this stage, "into the ability of an applicant to perform job-related functions," 42 U.S.C. § 12112(d)(2)(B), as both the legislative history and the implementing regulations of this provision of the ADA make clear, this *excludes* medical inquiries. Specifically, both Congress and the Commission provide the following example of a permitted inquiry: "an employer may ask whether the applicant has a driver's

license, if driving is an essential job function, but may not ask whether the applicant has a visual disability. This prohibition against inquiries regarding disability is critical to assure that bias does not enter the selection process." H.R. REP. 101-485, 72-73, 1990 U.S.C.C.A.N. 303, 355-56; *See also* 29 C.F.R. Pt. 1630, App. at 362-63 (1998) (using same driving example and stating 29 C.F.R. § 1630.13(a) "makes clear that an employer cannot inquire as to whether an individual has a disability at the pre-offer stage of the selection process" and noting that any job-related "questions should not be phrased in terms of disability.")

Although the full application (Ex. A) is an undisputed fact for the Court's full review, see *supra*, at § III.4, the Commission notes the form seeks, *inter alia*, medical history for the past ten years including the following:

- Breast implant or reduction;
- Cancer;
- Congenital disease or birth defect;
- Acne, burns, or scars or other skin disorders;
- Eating disorders;
- Sexually transmitted diseases (STDs);
- Disorder of the male or female reproductive organs including enlarged prostate, menstrual irregularity, etc.;
- Depression, mental retardation, or other mental or emotional condition;
- Alcohol or drug treatment;
- Hemorrhoids or rectal disorder;
- All prescribed medications, etc.

Ex. A, at pp. 4-6. In fact, it required applicants to provide this and other medical information for

conditions that were treated effectively within the past ten years and no longer an issue (e.g., STDs that were cured or menstrual cycle that now regular.). *Id*.

Because Grisham Farm's application made medical inquires (not job-related-functions inquiries) at the pre-offer stage, it is a *per se* violation of the ADA, 42 U.S.C. § 12112(d).[2]

**C. Grisham Farm's application also violates GINA.[3]**

As noted *supra*, at the pre-offer phase *no* medical inquiries may be made. However, if such medical information is requested or collected lawfully at a subsequent stage (i.e., the post-offer but pre-employment stage, or employment stage), GINA places additional limits on employers. Specifically, GINA prohibits employers from "request[ing]… genetic information with respect to an employee [including job applicants] or a family member," with certain limited exceptions that not applicable here. 42 U.S.C. § 2000ff-1(b); *see also* 29 C.F.R. § 1635.8. As federal regulations state, this includes "making requests for information about an individual's current health status in a way that is likely to result in a covered entity obtaining genetic information." 29 C.F.R. § 1635.8(a). Although these regulations recognize that not all medical information is genetic information simply because it has a "genetic basis or component," the determinative factor is whether the "disease, disorder, or pathological condition" has actually "manifested" itself in the employee or applicant. 29 C.F.R. § 1635.12(a)(1).

2 In fact, the Commission notes that even if the health history form at issue was not utilized until subsequent stages (i.e., the post-offer but pre-employment stage or the employment stage) it would also violate the ADA because the information sought clearly includes medical data that are not related to any essential job function (e.g., breast implant or reduction, etc.).

3 Although Sullivan's Complaint, Ex. B, cited only to the ADA, as the Commission's Determination noted, "[d]uring the course of the... investigation, evidence was also obtained which indicated that Respondent's employment application requesting health history was not in compliance with [GINA] with respect to inappropriate questions on its employment application."

Grisham Farm's application requires applicants to reveal whether they have simply "*[c]onsulted* a doctor, chiropractor, therapist or other health care provider within the past 24 months," Ex. A, at p. 4 (emphasis added), as well as if "future… diagnostic testing… been recommended or discussed..." with their medical provider. *Id*. at 5. These questions would require an applicant without the manifestation of, for example, high blood pressure, heart disease, or breast cancer, who has preventatively "consulted" with a physician or been told by a physician to get diagnostic testing in light of their family history or risk factors, to reveal such information to Grisham Farm.[4] Soliciting such information is a *per se* GINA violation.

## V. **Remedies.**

Because the Commission is entitled to judgment Counts I and II with respect to Grisham Farm's medical inquiries, it is also entitled to the corresponding declaratory and injunctive relief prayed for in its Complaint. Specifically, this Court should:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates the ADA, 42 U.S.C. § 12112(d), by requiring job applicants to provide health history information which would reveal whether they were individuals with disabilities or as to the nature or severity of such disabilities;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates GINA, 42 U.S.C. § 2000ff-1(b), by requiring job applicants to provide health history that would reveal genetic information with respect to themselves or family members; and

[4] Again, the application required applicants to "certify that all information… is true and complete to the best of [the applicant's] knowledge and that [the applicant] withheld nothing that if disclosed would alter the integrity of the application." Ex. A, at p. 7; see also *supra* at § IV.B.

C. Issue a permanent injunction prohibiting Grisham Farm, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from making any pre-employment medical inquiries and requiring any health history from the application process in violation of the ADA, 42 U.S.C. § 12112(d) and GINA, 42 U.S.C. § 2000ff-1(b).

Respectfully submitted,

ANDREA G. BARAN, #46520
Regional Attorney

C. FELIX MILLER, #28309
Supervisory Trial Attorney

*/s/ Grant R. Doty*
Grant R. Doty, #60788
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918
Fax. (314) 539-7895
Email: grant.doty@eeoc.gov

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available electronically to all electronic filing participants.

*/s/ Grant R. Doty*